CASE 46.—PROSECUTION AGAINST PETER GEARHART FOR
SELLING LIQUOR IN VIOLATION OF THE LOCAL
OPTION LAW.—September 25.

# Gearhart v. Cmmoonwealth

Appeal from Elliott Circuit Court.

J. B. HANNAH, Circuit Judge.

Defendant convicted, and appeals.—Reversed.

1. Criminal Law—Jurisdiction—Transfer of Causes.—Crim. Code
Prac., section 230, provides that, if, during trial, it appears the
offense was committed out of the court's jurisdiction, but
within that of another court within the State, the court shall
discharge the jury and take the proceedings directed in sec-
tions 166 and 167. Section 166 provides, if a demurrer to
an indictment is sustained because the offense was committed
in another jurisdiction and the offense is a felony, the indict-
ment, etc., shall be transferred to the clerk of such juris-
diction and defendant's body delivered, etc., the order of
transfer to operate as a magistrates order holding the
defendant to answer. Section 167 requires the same
proceedings when it appears on the trial that the offense
was committed in another jurisdiction. Held that, while
sections 166 and 167 applied only to felonies, section 230 did
not so limit their application, but made them applicable to
misdemeanors also.

2. Same—Indictment—Variance—Allegations and Proof.—Where
defendant was indicted in Carter county for illegally selling
liquors in that county, and, it appearing on the trial that
the offense was committed in Elliott county, the cause was
transferred thereto for trial, it was error to try defendant,
there upon the indictment found in Carter county, and he
should have been held to answer to an indictment in Elliott
county, since proof that it was committed in Elliott county
would not sustain the indictment, charging an offense in
Carter county.

HENRY L. WOOD for appellant.

We contend that where a misdemeanor case is removed before trial to another county under section 230 of the Criminal Code, then, before trial can be had, it must be re-referred to the grand jury of the county to which it is removed and a new indictment found, for if it is not done in this way a motion in arrest of judgment must always prevail, for the old indictment would show that the offense was committed in another county, and could not state facts sufficient to constitute an offense within the jurisdiction of the court to which it is removed.

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General, for appellee.

By the record it will be observed that the local option law was in effect in Elliott county at the time the illegal sale was made by appellant, and we can see no reason why the original indictment, found by the Carter county grand jury, should have been dismissed, on the case being removed under section 230, Criminal Code, to Elliott county, and a new indictment found, where the offense was in every respect identical in both counties at the time of its alleged commission. (Sections 166, 167 and 230, Criminal Code.)

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, Peter Gearhart, was indicted by the grand jury of Carter county for the offense of selling spirituous, vinous and malt liquors in that county in violation of the local option laws. When the case was called for trial at the special term of the Carter circuit court, it developed, upon the hearing that the offense was committed in Elliott county. Thereupon the commonwealth's attorney moved the court to transfer the case to the Elliott circuit court for trial, which was done over the objection of appellant. The case was not recommitted to the grand jury of Elliott county, but appellant was tried on the original indictment by

the Carter county grand jury. The jury returned a verdict of guilty, and fixed appellant's punishment at a fine of $60 and 20 days in jail. This appeal involves two questions: (1) Was the case properly transferred from the Carter circuit court to the Elliott circuit court? (2) Was it proper to try appellant on the indictment returned in the Carter circuit court.

Section 230 of the Criminal Code of Practice is as follows: "If, during the trial, it shall appear that the offense was committed out of the jurisdiction of the court, but within the jurisdiction of some other court of this State, the court shall stop the trial, discharge the jury, and take the proceedings in the case directed in sections 166 and 167." While it is true that sections 166 and 167 apply only to felony cases, there is nothing in section 230 that limits its application to such cases. We therefore conclude that it applies alike to felonies and misdemeanors. It follows that it was proper for the Carter circuit court to transfer the case to the Elliott circuit court.

But was it proper for the Elliott circuit court to try appellant on the indictment returned in the Carter circuit court? The indictment in question charged appellant with the offense of violating the local option laws by selling spirituous, vinous, and malt liquors in Carter county. Manifestly, therefore, the Elliott circuit court could not try a man for an offense committed in Elliott county under an indictment for an offense committed in Carter county. In the first place, the Elliott circuit court would have no jurisdiction of the offense if committed in Carter county. In the second place, proof to the effect that an offense was committed in Elliott county would not sustain an indictment charging an offense in Carter county. We therefore conclude that the action of the Elliott circuit

court in trying appellant upon the indictment in question was erroneous. Instead of trying him upon that indictment, he should have been held to bail to answer for his appearance to an indictment by the Elliott circuit court.

For the reasons given, the judgment is reversed and cause remanded, with directions to hold appellant to bail to answer for his appearance to an indictment by the Elliott circuit court.