FAIRVIEW FLUOR SPAR & LEAD CO. et al. v. ULRICH et al.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1911.)

No. 1,799.

RECEIVERS (§ 210*)—POWERS—SUIT IN FOREIGN JURISDICTION.

Receivers for a corporation appointed by a federal court, having no other title than that derived from such appointment, cannot maintain a suit in another jurisdiction either in their own name or that of the corporation to recover assets of the corporation, nor can they acquire such power by applying ex parte to the court in which the suit is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

brought and obtaining a ratification or confirmation of their appointment by that court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 417–420; Dec. Dig. § 210.*]

Appeal from the Circuit Court of the United States for the Eastern District of Illinois.

Suit in equity by John O. Ulrich and Harry P. Joslyn, receivers of the International Finance & Development Company, against the Fairview Fluor Spar & Lead Company, and the Fairview Transportation Company. Defendants appeal from an order appointing receivers and granting an injunction. Reversed.

The facts, so far as deemed necessary on this hearing, are as follows, viz.: On August 17, 1908, Peter J. Keiser, a citizen of the state of Pennsylvania, filed his verified ex parte bill in the Eastern district of Illinois on behalf of himself and all stockholders and creditors of the International Finance & Development Company, hereinafter termed the "Development Company," a corporation of the state of Delaware, setting out that he was the owner and holder of $8,000 par value of the trustees' certificates of indebtedness of said Development Company; that he, as such owner, had on January 3, 1908, filed a bill, and on January 15, 1908, an amendment thereto, in the Circuit Court for the District of Delaware, against said Development Company, and had secured the appointment and qualification of John O. Ulrich of the state of Pennsylvania and Harry P. Joslyn of the state of Delaware, as receivers of all and singular the property and property rights of said Development Company, making said Delaware bill, amendment, decree appointing receivers, and receivers' bonds, exhibits thereto.

Said bill further charged that said Development Company had within the jurisdiction of said United States Court for the Eastern District of Illinois "certain books, papers, contracts, certificates of stock and bonds in other corporations," etc., the use, possession, and control of which were indispensable to the execution of their trust by said receivers, and to the relief sought; that said Development Company (appellee here) was insolvent and wasteful; and that there was imminent danger of the loss of said books and assets unless placed in the hands of said receivers. Said bill thereupon prays the court forthwith to "confirm the appointments heretofore made of John O. Ulrich and Harry P. Joslyn, as receivers of all and singular the property of the said Development Company, and to appoint the same persons receivers within said Eastern district of Illinois, of the assets within said district belonging to said Development Company, with authority to sue and be sued and to enforce or set aside all contracts by it made and with such other powers as are usually vested in receivers; that the officers, agents, and employés of said company be required to at once turn over to said receivers all the said assets, etc.; and that creditors and such officers, agents, and employés be enjoined from interfering with such assets and for general relief; but contains no prayer for process.

Afterwards, on August 17, 1908, on the filing and reading of the verified bill and the said several exhibits thereto, the court decreed as follows, viz.: "It appearing to this court that there are assets and papers of the defendant corporation in this district, and it further appearing to this court that John O. Ulrich and Harry P. Joslyn have been duly appointed receivers of the property and assets of the said defendant by the Circuit Court of the United States for the District of Delaware, and have duly qualified as such receivers, it is hereby ordered that as ancillary to said appointment of John O. Ulrich and Harry P. Joslyn, as receivers of the property and assets of the defendant company by the Circuit Court for the District of Delaware, they are hereby appointed receivers" of all the assets of said insolvent defendant, with the usual powers of such receivers.

The appointment of said receivers was not to take effect until the filing by them in the clerk's office of a bond in the sum of $1,000 in the usual form,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be approved by the court. Said receivers qualified and were thereupon authorized to employ counsel and bring suit. The Development Company, defendant, its officers, agents, and employés, were ordered to surrender all said assets to said receivers on demand, and were enjoined from interfering with the said assets and said receivers.

Thereupon, and on December 22, 1908, the receivers brought suit against John Mulholland and John O. Ulrich, as trustee of the Development Company, and others, to recover alleged assets of said insolvent defendant and for other relief, and for the appointment of receivers pendente lite. Certain of the defendants were served with process. After several special appearances and motions to dismiss for want of jurisdiction, and to set aside substituted service, said receivers moved the court to substitute their insolvent corporation as complainant in place of themselves, and to make new defendants and for leave to file an amended bill, all of which requests were granted. Thereupon the amended bill was filed praying for additional relief not deemed necessary to be recited at this time. Said bill made said ex parte bill and decree of the Circuit Court of the United States for the Eastern District of Illinois exhibits thereto. On motion filed December 7, 1909, under the title of the International Finance & Development Company, by John O. Ulrich and Harry P. Joslyn, its Receivers, v. John Mulholland, et al., the United States Circuit Court for the Eastern District of Illinois did, on December 8, 1910, order that certain nonresident defendants appear, plead, answer, or demur by a day named, and that, in default so to do, the court would proceed to hear said cause, and ordered that a copy of said order be served on each of said named defendants wherever found. A number of the defendants appeared and answered. The Fairview Fluor Spar & Lead Company and the Fairview Transportation Company demurred to said amended bill, setting up various grounds not necessary to recite here. Mulholland filed a plea to the jurisdiction of the court over him as a nonresident, which was overruled. Hugo Eysell demurred, setting up want of jurisdiction of the court over him and the cause of action, for the reason, among others, "that this court has no jurisdiction because it appears from the bill of complaint that this suit is not ancillary to any proceeding heretofore pending in this court," which was overruled. Motion for costs was denied. Various motions to set aside substituted service were denied, and all the parties were ruled to answer by a day named. Said Eysell, trustee, etc., declined to plead further and was defaulted. Mulholland answered denying the due appointment of the receivers and setting out other defenses. Thereupon, on November 14, 1910, after defaulting all parties who had failed to answer, the court referred said cause to a master. On January 23, 1911, the death of defendant Mulholland, on December 22, 1910, was suggested in open court, and on February 7, 1911, the court appointed receivers of all and singular the property of certain defendants in said order named, with the usual powers of such receivers, and also entered a restraining order against the creditors of the Fairview Fluor Spar & Lead Company and the Fairview Transportation Company, enjoining them from intermeddling with the property directed to be turned over. On February 27, 1911, the appellants prayed an appeal to this court from said order of February 7, 1911, assigning as errors the appointment of receivers, taking jurisdiction of the cause, sustaining the validity of substituted service, sustaining the validity of the appointment of the original receivers by said court, asserting jurisdiction to nullify the decree of the District Court of the United States for said Eastern District of Illinois granting John Mulholland a discharge in bankruptcy holding that the stockholders of appellants were not necessary parties, holding that the amended bill was not multifarious, and that the amended bill contained matter of equity. Thereupon the appeal was granted and perfected to this court.

J. M. Blayney, Jr., for appellants.
W. M. Actor and E. Winter, for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above).   Appellants challenge the legal right of appellee to appear for the Development Company in the institution of these proceedings.   Apparently with a view to avoiding jurisdictional difficulties, the alleged receivers amended the bill filed by them as receivers by making their insolvent corporation complainant in their stead and thenceforth sought to direct it in their names as its receivers.   Nothing was gained by this attempt.   The Supreme Court has expressly disposed of that question in no uncertain language:

"Nor do we think the jurisdiction is established." says Mr. Justice Day, speaking for the court in Great Western Mining & Manufacturing Co. v. Harris, 198 U. S. 561, 25 Sup. Ct. 770, 49 L. Ed. 1163, "because the action is authorized to be instituted by the receiver in the name of the corporation. Such actions subjecting local assets to a foreign jurisdiction and to a foreign receivership would come within the reasoning of Booth v. Clark [17 How. 322, 15 L. Ed. 164]. If a recovery be had, although in the name of the corporation, the property would be turned over to the receiver, to be by him administered under the order of the court appointing him."

Ever since the decision of the court in Booth v. Clark, 17 How. 322, 15 L. Ed. 164, a receiver deriving his authority from the order of the court appointing him has been without power to institute suits in a foreign jurisdiction.   The doctrine has been re-enunciated in Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380, and in Great Western Mining & Manufacturing Co. v. Harris, supra; Sullivan v. Swaine (C. C.) 96 Fed. 259; Bunk v. Circuit Judge, 43 Mich. 296, 5 N. W. 627.   In Street on Federal Practice, vol. 3, § 2694, it is said:

"A suit for an ancillary receiver cannot be maintained merely for the purpose of obtaining a ratification by the court of one jurisdiction of what has been done in a court of another jurisdiction."

In Mercantile Trust Co. v. Kanawha & Ohio Railway Co. et al. (C. C.) 39 Fed. 337, it was held by Mr. Justice Harlan, in the Circuit Court of the United States for the District of West Virginia, that, if the plaintiff desired the active intervention of that court in respect to the mortgaged property there involved, "such intervention should only occur in a separate, independent suit of which it may take cognizance; and in which, if proper or necessary to do so, this court may lay its hands upon the property within this district, and if need be, administer it by a receiver directly amenable to its authority for the benefit of all parties interested, of whatever state they may be citizens."   The bill was filed by the Ohio complainant seeking to have the Ohio proceedings, including the appointment of a receiver, enforced, and prays that such orders and decrees be passed by the West Virginia court "as shall be necessary or advisable in order to vest in said receiver the possession of said mortgaged property and the control over the same" and that the court shall take "ancillary jurisdiction" with the Ohio court and give complainant all the relief "necessary to accomplish the purposes of filing said bill" in the Ohio court.   The court refused to enter an order simply approving or confirming the appointment of a receiver made in the original Ohio suit, in the language above stated. Here the original plaintiff was not made a party, nor was there any

defendant named. Nor was any process prayed for. The proceeding lacked the essential features of a pending suit. There was nothing upon which the jurisdiction of the court could attach—nothing which could affect the rights or status of the defendants in the said amended bill. To them it was a nullity—something of which they were not bound to take notice. It in no way enlarged the powers of the foreign receivers as to the defendants to the amended bill. This being so, we are presented with the bald question whether foreign receivers having only the title acquired by the order of the court appointing them could maintain their suits in the Circuit Court of the United States for the Eastern District of Illinois, for there is nothing in the record to show that the receivers had any other title to the property of the Development Company than that derived from the order of the Delaware court. The allegation found in clause 15 of the amended bill:

"That afterwards, on, to 'wit, March 12, A. D. 1908, the said Frederick W. Griffin, prime trustee as aforesaid, by an instrument under his hand and seal did duly assign said mortgage above set forth to John O. Ulrich and Harry P. Joslyn as receivers for the International Finance and Development Company, a corporation, together with all the rights, remedies, incidents, and appurtenances thereunto belonging, and all the right, title, interest, estate, property, claim and demand whatsoever of, in and to the same and the premises therein described, together with the bonds or obligations in said mortgage mentioned * * *"

—is not, when taken in connection with the other clauses of said amended bill, a sufficient statement of transfer of title to said receivers, to warrant the court in holding that any title passed to them. There is nothing to show that Griffin had any power to make the transfer. Nor do the appellees rest their claims to the jurisdiction of the court upon that ground. The securities so attempted to be assigned constitute only a fraction of the property involved. We therefore give that allegation no weight.

Judge Wellborn held in Re Brant (C. C.) 96 Fed. 257, that there being no suit brought in that court, the term "ancillary" was erroneously employed; that the suit was without a defendant and purely ex parte; and that the court was therefore without jurisdiction to appoint a receiver of any sort, either ancillary or original. To the same effect is Beach Modern Equity Practice, vol. 2, § 721.

We are of the opinion that the facts disclosed in the record bring this cause within the disapproval of the authorities; that the original ex parte proceeding in the Circuit Court of the United States for the Eastern District of Illinois was ineffectual to invest the foreign receivers with powers to act as receivers in said district; that the court was therefore without jurisdiction to entertain the subsequent proceedings in, or based upon, said cause; and that such want of jurisdiction is now presented in this record. The decree of the Circuit Court is reversed.

Reversed.