ENG v. SOUTHERN PAC. CO.

(District Court, D. Oregon. December 22, 1913.)

No. 6,220.

1. REMOVAL OF CAUSES (§ 3*)—CAUSES SUBJECT TO REMOVAL—INJURIES TO· SERVANT OF CARRIER—EMPLOYERS' LIABILITY ACT.

Under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), providing that no case arising under the act, brought in a state court of competent jurisdiction, shall be removed to any court of the United States, such action is not removable, though it would otherwise be removable on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

2. COMMERCE (§ 27*)—INJURIES TO SERVANT—SERVANT OF CARRIER—EMPLOYERS' LIABILITY ACT.

Where a carrier is engaged in both intrastate and interstate commerce, using the same instrumentalities, appliances, and employés in both classes of commerce, an injured servant will be regarded as having been engaged in interstate commerce, so as to entitle him to sue under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), when the work in which he is engaged at the time of the injury is so closely connected with interstate commerce as to be a part thereof.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

3. COMMERCE (§ 27*)—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT.

A servant of a carrier engaged in both interstate and intrastate commerce is entitled to maintain an action under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), where at the time of his injury he was engaged in the use of or maintaining in proper condition an instrumentality or appliance used by the carrier in interstate commerce, though such instrumentality or appliance might also be used for intrastate business.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

4. COMMERCE (§ 27*)—INJURIES TO SERVANT—CARRIERS—FEDERAL EMPLOYERS' LIABILITY ACT—REPAIR OF FREIGHT SHED.

Plaintiff, who was employed by defendant railroad company, which was engaged in both interstate and intrastate commerce, was injured while engaged in framing a new office in a freight shed belonging to defendant, and in sawing boards and nailing them in place on the wall. The shed was owned, controlled, and operated by defendant, in furtherance of and in carrying on its business, for both interstate and intrastate shipments of freight. Held, that such work did not amount to a construction of new instrumentalities of commerce, but was rather in the nature of a repair of an instrumentality then in use, and that the work in which plaintiff was engaged was connected with interstate commerce, and hence plaintiff was entitled to sue under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

At Law. Action by Elias Eng against the Southern Pacific Company. On motion to remand to state court. Granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John F. Logan and Littlefield & Smith, all of Portland, Or., for plaintiff.

Wm. D. Fenton, Ralph E. Moody, and John F. Reilly, all of Portland, Or., for defendant.

BEAN, District Judge. This action was commenced in the state court by an employé of the defendant company to recover damages for an injury alleged to have been received by him while engaged in framing up a new office in a freight shed belonging to the defendant and in sawing boards and nailing them in place on the wall. It appears from the complaint that the defendant is engaged in both intrastate and interstate commerce, and that the freight shed in question was owned, controlled, and operated by it in furtherance of and in carrying on such business for both interstate and intrastate shipments of freight. The action was removed to this court on the ground of diversity of citizenship, and the plaintiff now moves to remand, for the reason that it is one arising under the federal Employers' Liability Act, and is not removable.

[1] The federal statute (35 Stats. at Large, 65) makes every common carrier, while engaged in interstate commerce, liable in damages for the injury to or death of any person while he is employed by such carrier in such commerce, and gives courts of the United States and the state courts jurisdiction of actions arising thereunder. It is also provided that no case arising under the act, brought in a state court of competent jurisdiction, shall be removed to any court of the United States, and the uniform holding is that such an action is not removable, although it would otherwise be removable on the ground of diversity of citizenship. Burnett v. S., P. & S. Ry. Co., 210 Fed. 94, decided by this court October 13, 1913, and Patton v. Cincinnati, N. O. & T. P. Ry. (D. C.) 208 Fed. 29, and authorities there cited.

[2] When a carrier is engaged in both intrastate and interstate commerce, using the same instrumentalities, appliances, and employés in both classes of commerce, it is difficult to draw the line of demarcation between the two classes of employment; but the result of the decisions up to this time seems to be that, when the work in which the employé was engaged at the time of his injury is so closely connected with interstate commerce as to be a part thereof, it comes within the statute. It has been so held in the case of persons engaged in repairing tracks, bridges and cars used in both state and interstate commerce (Pederson v. D., L. & W. Ry. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, decided by the Supreme Court May 26, 1913; Zikos v. Oregon R. & Navigation Co. [C. C.] 179 Fed. 893; Northern Pac. Ry. Co. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237; Stafford v. Norfolk & W. Ry. Co. [D. C.] 202 Fed. 605), and in coupling cars so used while standing on a switch (Johnson v. Great Northern Ry. Co., 178 Fed. 643, 102 C. C. A. 89).

[3, 4] The principle seems to be that one employed at the time of his injury in the use of or maintaining in proper condition any instrumentality or appliance used by the carrier in interstate commerce comes within the statute, although such instrumentality or appliance may also

be used for intrastate business. Now, freight sheds, depots, and warehouses or other facilities provided and used by a carrier for receiving, handling, and discharging interstate freight are, I take it, instrumentalities used in interstate commerce under the doctrine of the cases, and are so closely connected therewith as to be a part thereof for the purposes of the federal Employers' Liability Act.

Claim is made that, since plaintiff at the time of his injury was at work in framing a new office in the freight shed, he is in the position of one employed to construct buildings, tracks, engines, or cars, which have not yet become instrumentalities of commerce. But the freight shed in question was being so used by the defendant in its interstate business. The work in which the plaintiff was engaged, as appears from the complaint, was in the nature of the repair of an instrumentality so used, and not the construction of new work.

I conclude, therefore, that the motion to remand should be allowed.