## Cincinnati, New Orleans & Texas Pacific Railway Company v. Tucker.

(Decided January 27, 1916.)

### Appeal from McCreary Circuit Court.

1. **Master and Servant—Liability of Master for Ordinary Negligence of Servant.**—Where the master assigns or imposes upon one of his servants the duty of representing him in providing his employes with adequate assistants, or a sufficient number of workmen to do the work assigned them, the servant's acts are deemed to be those of his master, who will be liable for the ordinary negligence of such servant in doing the work assigned to him.

2. **Trial—Argument of Counsel.**—In a civil action, it is not improper for counsel for plaintiff to comment upon the fact that the foreman of the defendant corporation failed to testify.

3. **Damages—Pleading—Peremptory Instruction.**—Where the plaintiff's petition in a suit for damages for personal injuries, against a railroad company, was drawn under the State law, and the plaintiff's proof showed that he was injured while engaged in inter-

state commerce, the plaintiff should have amended his petition to conform to the proof; but, having failed to so amend his petition, the defendant's motion for a peremptory instruction should have been sustained.

TYE, SILER & GATLIFF for appellant.

DENTON & FLIPPIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

While the appellee, Sherman Tucker, was working for the appellant as a section hand in a crew of five men, under the direction of John Cox, a section foreman, it became necessary to remove a rail in the track and put a new one in its place. In the course of the work Cox directed the men to carry a rail from a rail-rest near the track to the place where it was to be put in the track, a distance of about fifty feet.

Before attempting to carry the rail, Tucker said to Cox that the rail was too heavy for the men to carry; but Cox said he thought they could carry it, and directed them to do so. Thereupon Tucker and two of the men took hold of the rear end of the rail, and Cox and the other two section hands took hold of the front end of the rail and lifted it from the rail-rest. They had carried the rail about six steps, when the men at Cox's end began to break down under the weight of it; and, in order to enable them to lower the rail to the ground, Cox ordered the men at the rear end to straighten up with their end, while the men in front would ease down their end.

Tucker and his co-laborers held their end of the rail as directed; but in lowering the front end of the rail to the ground, Cox or one of his assistants dropped it, causing Tucker's back to be wrenched and injured.

Tucker brought this action to recover damages for the negligence of the company in failing to furnish a sufficient number of hands to do the work required with reasonable safety to those engaged in it.

He recovered a verdict for $500.00, and the company appeals.

The proof shows that the injury was the direct result of the dropping of the rail, and that it was dropped because Cox and the two section hands who were assisting him were not able to lift their end of it.

No complaint is made that the verdict is excessive, or that the instructions given by the court were erroneous if the Federal Employers' Liability Act did not control.

For a reversal, however, it is urged: (1) That the court erred in refusing to give the instructions offered by the company, directing the jury to find for the defendant unless they believed that gross negligence had been established; (2) that the misconduct of appellee's attorney in referring to the fact that Cox, the foreman, did not testify, was prejudicial; and, (3) that appellant's motion for a peremptory instruction, made at the close of appellee's proof to find for it should have been sustained, because, as appellant claims, this action should have been brought under the Federal Employers' Liability Act.

1. The petition sought a recovery solely upon the ground of the negligence of the company in failing to furnish a sufficient number of men to handle its work, and the proof tended to sustain that charge, and the instructions properly submitted that issue to the jury. Under this state of facts the question of the gross negligence of Cox had no place in the case.

The law applicable to cases of this character is stated in Illinois Central Railway Co. v. Langan, 116 Ky., 320, as follows:

"There are certain risks which a laborer assumes as an incident of his employment. Among these is that of the ordinary negligence of his fellow servants. Although each servant in the common employment is a representative of the master to the extent that he is acting within the scope of his duties, yet for many kinds of ordinary neglect towards his fellow servants the master may not be liable for resulting injuries. However, there are certain duties which the master owes to his servants that are primary and personal in their nature, and which he may not delegate to another so as to escape liability for their non-performance. Among these he owes to his servants to furnish them a reasonably safe place in which to do their work, and must furnish them reasonably safe tools and appliances with which to do it. Alongside of these he must furnish them adequate assistance, or a sufficient number of workmen. So where the master assigns or imposes upon one of his servants the duty of representing him in providing these means,

the servant's acts are deemed to be those of the master, and for a simple neglect by such servant the master is responsible as though he acted in person."

To the same effect see Standard Manufacturing Co. v. Minor, 33 Ky. L. R., 972, 112 S. W., 572; L. & N. R. R. Co. v. Mahan, 113 S. W., 886. We find no error in this respect.

2. In the course of his argument to the jury, appellee's counsel used the following language:

"If section foreman, John Cox, did not say to the plaintiff, Sherman Tucker, the man working with him, that they could carry the rail, then the attorney representing the defendant company is too good a lawyer not to have put Cox on the stand as a witness, and have him deny making such statement."

The appellant offered no proof at all; it rested its case upon appellee's proof. It should be borne in mind that this is not a criminal, but a civil action, and that there is no statutory restriction upon the comment of counsel in civil cases. Tucker testified that Cox not only told him that the men could carry the rail, but commanded them to do so, and Cox did not testify.

Under this state of case it was legitimate for counsel to comment upon the fact that Cox had not testified, and that his absence was not explained.

3. The petition was drawn under the State law; there is nothing in it to indicate that Tucker was engaged in any work connected with interstate commerce at the time of his injury. The answer contains a traverse, and a plea of contributory negligence.

It was developed upon the trial, however, that appellant was an interstate carrier, and that at the time Tucker was injured he was employed by the appellant and engaged in repairing appellant's principal roadbed, which extended through Kentucky and into adjoining States. That Tucker was employed in interstate commerce within the meaning of the Federal Employers' Liability Act, must be conceded, under the recent decisions upon that subject. Pederson v. D. L. & W. R. Co., 229 U. S., 146. See also L. & N. R. R. Co. v. Parker's Admr., 165 Ky., 658, where the question is fully considered.

At the close of the plaintiff's proof, the defendant moved the court to peremptorily instruct the jury to find a verdict for it, upon the ground, as now claimed,

that it had appeared for the first time, in the proof, that the action should have been brought under the Federal Employers' Liability Act, and, that in alleging the cause of action under the State law, and in proving a cause of action under the Federal law, the plaintiff had failed to prove the case alleged. And, appellant contends that it properly raised that question by its motion for a peremptory instruction.

It is apparent that this action should have been brought under the Federal Employers' Liability Act; and, for appellee, it is insisted that the action was so brought, although no mention is made of the act in the petition.

In an action under the Federal Employers' Liability Act the petition should allege that the defendant was a common carrier, engaged in interstate commerce, or state facts from which it might reasonably be inferred; that the plaintiff was so engaged; and, if it be for the death of an employe, the petition should allege the existence of some of the designated beneficiaries for whose benefit the cause of action is given. I. C. R. R. Co. v. Doherty, 153 Ky., 363, 47 L. R. A. (N. S.), 31. But, in order to have the benefit of the Federal Act, it is not necessary that the act be pleaded, or that the plaintiff should say that he is claiming under the act; it is sufficient if the acts alleged bring the cause of action within the terms of the statute. Missouri K. & T. R. Co. v. Wulf, 226 U. S., 570; Grand Trunk Western R. Co. v. Lindsay, 233 U. S., 42; Ann. Cas. 1914C, 168; Ullrich v. N. Y., N. H. & H. R. Co., 193 Fed., 768; Garrett v. L. & N. R. R. Co., 117 C. C. A., 109, 197 Fed., 715; Kelly v. C. & O. Ry. Co., 201 Fed., 602; Rowlands v. Chicago & Northwestern R. R. Co., 149 Wisc., 51; St. Louis, I. M. & S. R. Co. v. Hesterly, 98 Ark., 240.

The basis of this rule is that both State and Federal courts take judicial notice of a Federal statute. Erie R. R. Co. v. Welsh, 89 Ohio St., 81; Hall v. Chicago, R. I. & P. R. Co., 149 Fed., 564; Rowlands v. Chicago & N. W. R. Co., supra; McDonald v. Railway Transfer Co., 121 Minn., 273; Lemon v. L. & N. R. R. Co., 137 Ky., 276.

But, in the case before us, no facts were alleged from which it could be inferred that the defendant was an interstate carrier, or that the plaintiff was engaged in interstate commerce, at the time he was injured. The petition was drawn strictly under the State law, and the

court instructed the jury under the State law, generally, and upon the subject of contributory negligence.

Bearing in mind that the Federal act supersedes the State law whenever the facts bring the case within the scope of the Federal law, it is the duty of a trial court to submit the case to the jury under instructions applicable to the case, as proved; and, under our practice, if the petition does not state the cause of action proved, the court should permit an amendment of the petition to conform to the proof.

In some jurisdictions the local practice permits the court to eliminate unnecessary allegations in a petition filed under the Federal law, and submit the case to the jury under the State law, without an amendment of the pleadings, where the petition, after the elimination, still states a cause of action under the State law.

It was so held by the trial court, and approved upon appeal, in Wabash R. R. Co. v. Hayes, 234 U. S., 86.

But such is not the practice in this State.

In the late case of I. C. R. R. Co. v. Kelly, 167 Ky., 745, the action was brought under the Federal Employers' Liability Act, while the proof conduced to establish a cause of action under the State law; and the court, following the petition, submitted the case to the jury under instructions authorizing a recovery under the Employers' Liability Act.

It will thus be seen that the Kelly case presented the converse of the proposition now before us.

In the Kelly case, however, this court said that the trial court should have given the plaintiff leave to amend his petition to conform to the proof, and upon the filing of such amendment it should have submitted the case to the jury under instructions applying the State law.

And, it was there further held, that if the plaintiff should refuse to avail himself of the right to amend, the court should give a peremptory instruction directing a verdict for the defendant.

We must, therefore, treat the decision in the Kelly case as conclusive of the questions here raised, and hold that appellant's motion for a peremptory instruction sufficiently challenged the plaintiff's right to further proceed under the State law; and that the practice under the State law required the plaintiff to amend his petition to conform to the proof in order to have the case which

he proved submitted to the jury, under proper instructions.

Upon another trial this may be done; but, in submitting the case to the jury without an amendment of the petition, the trial court was in error.

Judgment reversed for a new trial.