## Cincinnati, New Orleans & Texas Pacific Railway Company v. Hansford.

(Decided January 10, 1917.)

### Appeal from McCreary Circuit Court.

1. Master and Servant—Application of Federal Employers' Liability Act.—The federal employers' liability act does not necessarily apply to the same person in all the details of his employment, since one may have duties including both interstate and intrastate commerce, and he might be subject to the act while engaged in the one, and not in the other.

2. Master and Servant—When Engaged in Interstate Commerce.— The true test as to whether one was engaged in interstate commerce is this: Was he, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?

3. Trial—When Peremptory Instruction Should be Given.—It is a well established rule of practice in this jurisdiction that a peremptory instruction to find for the defendant should be given where, after admitting every fact shown by plaintiff's evidence to be true, as well as all reasonable inferences that can be drawn therefrom, the plaintiff failed to establish his case.

4. Master and Servant—Pleading.—Where a plaintiff brings his action under the federal employers' liability act to recover damages for personal injuries and the proof shows he was engaged in intrastate commerce, he will be permitted to amend his petition to conform to the proof, at any time before the submission of the case to the jury.

5. Master and Servant—Trial—Submission to Jury.—The rule announced by the United States Supreme Court that where the tes-

timony is conflicting as to whether the plaintiff was engaged in interstate or in intrastate commerce, at the time of his injury, that issue should be submitted to the jury, does not prevent the application of the Kentucky practice which requires a peremptory instruction to be given for the defendant where the uncontradicted proof shows that the plaintiff was engaged in a character of commerce different from that relied upon in his petition.

EDW. COLSTON, JOHN GALVIN and TYE, SILER & GATLIFF for appellant.

JOHN W. RAWLINGS, ROBERT HARDING and JOHN W. SAMP-SON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This is an appeal by the railway company from a verdict and judgment against it, whereby the appellee, Hansford, recovered $1,000.00 for personal injuries. Hansford was a section hand and was injured while loading, on a flat car, unused steel rails which had theretofore been removed from the track and left on the right-of-way.

Hansford brought this action under the federal employers' liability act of April 22, 1908; and the principal, if not the only, ground for a reversal is that the defendant's motion for a peremptory instruction at the conclusion of the plaintiff's testimony and all the testimony, should have been sustained, upon the ground that Hansford had wholly failed to show he was engaged in interstate commerce, at the time he was injured.

The answer in its first paragraph denies that either the plaintiff or the defendant was engaged in interstate commerce at the time of his injury; in the second paragraph it interposes the defense of assumed risk upon the part of Hansford; while the third paragraph pleads contributory negligence.

It will thus be seen that the pleadings squarely make the issue as to whether either Hansford or the defendant was engaged in interstate commerce, at the time of his injury. And, since the testimony upon that issue is brief, we will give it in full.

Hansford, the plaintiff, testified as follows, upon this subject:

"Q. In what work were you engaged at the time? A. Working on the section, putting in ties and moving old rails, and keeping up the road work. . . . . Q.

What kind of rails were you loading on and on what sort of a car? A. We were loading 33-foot rails on a flat car. Q. Where were those rails lying when you began loading them? A. By the side of the track—the passenger (passing) track. . . . . Q. How many rails had you loaded at this place? A. I could not say; I never counted them, some five or six, probably. Q. Where did you find these rails; were they there on the ground? A. Yes, sir.''

Norris, the section foreman, testified as follows:

''Q. What was he (Hansford) doing at the time he was injured? A. We were loading rails on a flat car, . . . . Q. How many rails were loaded on the car at that time? A. I don't remember exactly how many. I believe we had six whole rails and some short pieces in the pile of scrap; had, I would say, five or six. . . . . Q. And these rails, I believe you say, were old worn out rails? A. Yes, sir. Q. Come out of the track there? A. Yes, sir. Q. And as a part of your work in replacing them with new rails, you had to move the rails away from there, or load them and have them moved away? A. Yes, sir. Q. That was all a part of your work in keeping the track in good order and condition for the passage of trains? A. Yes, sir. . . . . Q. In the work in which you and plaintiff were engaged you were required to keep the roadbed up and remove the old rails that had been taken out? A. Yes, sir. Q. And put in any new rails? A. We had not put in any new rails. Q. These old rails that were taken out of the road, they supplied new ones for them? A. Not always; sometimes we have a relay rail and some of them were good rails, and we keep them for relays.''

This is all the testimony relating to the character of the plaintiff's work; and, when read and considered altogether, it is plain that appellee's answer to the effect that he was working on the section, putting in ties and moving old rails, and keeping up the road track, was a mere description of the general character of the work he was engaged in, and not intended to mean that he was engaged in putting in ties at the time of his injury.

The federal employer's liability act does not necessarily apply to the same person in all the details of his employment, since one man may have duties including both interstate and intrastate commerce, and he would

be subject to the act while engaged in the one, and not in the other. Colosurdo v. Central R. R. Co., 180 Fed. 832, affirmed in 113 C. C. A. 372, 192 Fed. 901.

It will be observed that it nowhere appears that Hansford was engaged either in taking out old rails or putting in new rails; the most that can be said from the proof is, that Hansford was engaged in loading old rails that had, at some time, been taken out of the track and were lying on the right-of-way.

This proof brings the case squarely within the decision in I. C. Ry. Co. v. Kelly, 167 Ky. 745, where it was held that a section hand engaged in loading on a flat car, old rails from the right-of-way, precisely as in this case, was not engaged in interstate commerce. The Kelly case is directly in point.

The true test as to whether one is engaged in interstate commerce is this: Was the employe, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it? Shanks v. Delaware, L. & W. R. Co., 239 U. S. 558.

Applying this test to the facts of the case before us, it cannot be said that Hansford was engaged either in interstate transportation, or in work so closely related to it as to be practically a part of it. I. C. Ry. Co. v. Behrens, 233 U. S. 473; Delaware, L. & W. R. R. Co. v. Yurkonis, 238 U. S. 439; Shanks v. Delaware, L. & W. R. R. Co., *supra.*

Admitting, therefore, every fact shown by plaintiff's evidence to be true, as well as all reasonable inferences that can be drawn therefrom, the plaintiff failed to establish his case, and defendant's motion for a peremptory instruction should have been sustained. This rule of practice is well established in this jurisdiction. Fugate v. Somerset, 97 Ky. 48; Miller v. Metropolitan Life Ins. Co., 28 Ky. L. R. 223, 89 S. W. 183; Southern Ry. Co. v. Goddard, 121 Ky. 577; C., N. O. & T. P. Ry. Co. v. Rule, 142 Ky. 694; Haley's Admr. v. C. & O. Ry. Co., 157 Ky. 208; Kentucky Tr. & Ter. Co. v. Wilson, 165 Ky. 128.

Nevertheless, under a like well established practice, the plaintiff might have amended his petition to conform to the proof, at any time before the submission of the case to the jury, by showing that the plaintiff's cause of action arose under the common law of the

state; and, that may yet be done upon a return of the case to the circuit court. I. C. R. R. Co. v. Kelly, 167 Ky. 745; C., N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 149. But, as he failed to do so, the court should have sustained the defendant's motion for a directed verdict to find for the defendant.

We are not unmindful that in the late case of L. & N. R. R. Co. v. Parker, 242 U. S. 13, it was held as a rule of practice, that where a defendant company in a suit of this character, did not ask to go to the jury on the question whether the plaintiff was engaged in interstate commerce, but merely asked the court to direct a verdict on the ground that it appeared as a matter of law that he was so engaged, the defendant could not complain, because, if the question had been left to the jury, and they had disbelieved the testimony tending to show that the plaintiff was engaged in interstate commerce, there would have been no error of law in allowing the verdict for the plaintiff to stand.

It has repeatedly been held that under conflicting testimony as to the nature of the plaintiff's employment, it is proper to submit to the jury for determination whether he was engaged in interstate commerce at the time of his injury. N. Y. C. & H. R. R. Co. v. Carr, 238 U. S. 260; Pennsylvania Company v. Donat, 239 U. S. 50; Southern Ry. Co. v. Lloyd, 239 U. S. 496.

But, if we correctly understand the opinion in the Parker case, *supra,* it merely extends that rule by holding that where the defendant fails to ask for a submission of that question under conflicting testimony, the fact that the court, as a matter of law, erroneously treated it as intrastate commerce, will not be a ground for a reversal.

But that rule does not abrogate the other well established practice that the court should direct a verdict where the testimony is all one way, and where a motion for a peremptory instruction properly raises the question of the plaintiff's right to go to the jury. To illustrate: If, in the case at bar Hansford had testified that he was engaged in interstate commerce by removing rails from the track at the time of his injury, and Norris, the foreman, had contradicted him upon that point, the question of the character of his work should have been submitted to the jury. But, under the proof no such issue was made, since no one testified to any fact

that even tended to show that Hansford was engaged in interstate commerce, or transportation, at the time of his injury.

To further illustrate: If a case is brought under the federal law by the widow for her husband's death, claiming to be his personal representative, and it should appear upon the trial that the plaintiff was not the personal representative of her husband, would the court hesitate to direct a verdict?

Or, if in such a case, it should appear that the employe had died leaving no family, parents, or dependent kin, could the case be submitted to the jury in face of section 2 of the statute, which confines the right of recovery to the surviving widow, husband, children, parents, or dependent kin of the deceased?

Consequently, when plaintiff's case failed for a want of proof, under the approved practice in this state, the defendant's motion for a directed verdict was properly made, and should have been sustained. I. C. R. R. Co. v. Kelly, *supra;* C., N. O. & T. P. Ry. Co. v. Tucker, *supra.*

Judgment reversed, and action remanded for a new trial.