## Coons v. Louisville & Nashville R. Co.

(Decided November 21, 1919.)

### Appeal from Oldham Circuit Court.

1. Railroads—Actions for Injuries—Interstate Commerce.—A section hand while loading steel rails for use in the tracks of a railroad

company over which intrastate and interstate traffic is carried is engaged in interstate commerce.

2. Master and Servant—Federal Employers' Liability Act.—The test applicable is, was the employe at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?

3. Master and Servant—Federal Employers' Liability Act.—Whether an employe acting under the instruction of another member of a section crew, while assisting in releasing a rail, was injured through the negligence of the other members of the crew, was a question, under the Federal Employers' Liability Act, for the jury.

4. Master and Servant—Assumed Risk.—The doctrine of assumed risk has not been entirely abrogated by the Federal Employers' Act, but it does not apply where the injury grows out of a violation of some Federal statute enacted for the safety of employes.

5. Appeal and Error—Evidence—Statement Made at Time of Injury. —Failure to permit a witness to testify to a statement said to have been made by appellant at the time of his injury is not error where the appellant was a witness in his own behalf and his testimony covered the fact attempted to be brought out by other witnesses.

ROBT. T. CROWE and J. BALLARD CLARK for appellant.

D. H. FRENCH, MOORMAN & WOODWARD and BENJAMIN D. WARFIELD for appellee.

Opinion of the Court by Judge Quin—Reversing.

In this case declared under the Federal Employers' Liability Act, appellant, a section hand in appellee's employ for about fourteen years, is seeking damages for injuries received May 17, 1916, while loading steel rails onto a flat car.

From a directed verdict for the company at the conclusion of appellant's evidence, this appeal is taken.

The correctness of this ruling raises two main questions, viz.: (1) Is the case triable under the federal act? and (2) was appellee guilty of negligence?

*The facts*: The rails which the men were loading came from the Lexington branch of the L. & N. R. R. Co., near Midway, and had been piled on cross ties near the track. They were being loaded for shipment to Hazard, Ky., for use in the tracks in appellee's yards and which tracks were used in intrastate and interstate traffic. Because of their weight the handling of rails necessitates the services of several men. Two rails used as skids

were placed with one end resting on the flat car, the other on the ground or ties under the rails.

Unity of action being required it is customary to appoint one or two of the more experienced men as end men; those so chosen are usually stationed at the end of the rails, and their duty is to give orders when to load. It is the duty of the other members of the gang to obey the orders of the end men.

At the time of the accident all the rails had been loaded with the exception of four or five. W. C. Vandiver was the foreman and Boone Gibson the end man. One of the remaining rails had become fastened under the ties and their first effort to dislodge it failed. Gibson told appellant to take hold of the rail and help them get it out. Appellant stepped in, straddled the rail and (quoting from one of the men): "When he stepped in why they raised the rail up and threw it back, and there was another rail there, and as he stepped between them this rail clamped him."

Appeallant's leg was broken and he sustained other injuries according to the allegations of the petition.

*The Federal Act.* We think appellant had a right to maintain his action under the federal act.

In I. C. R. R. Co. v. Kelly, 167 Ky. 745, 181 S. W. 375, a recovery was denied where an employe was injured while loading rails to be stored, because in the performance of such service the employe was not engaged in interstate commerce; but it is expressly held that the action could have been sustained under the federal law had the injury occurred while unloading rails that were later used in repairing the tracks of the company, an interstate carrier.

C. N. O. & T. P. R. Co. v. Hansford, 173 Ky. 126, 190 S. W. 690, involved facts quite similar to the Kelly case, *supra,* and a judgment was reversed because appellee did not show he was engaged in interstate commerce; he was loading old rails that had at some time been taken out of the track and were lying on the right of way.

In Probus v. I. C .R. R. Co., 181 Ky. 7, 203 S. W. 862, the question was held one for the jury as to whether at the time of the injury appellant was engaged in interstate commerce. Probus testified that his information from the foreman was that the rails they were loading and unloading were to be used in repairing the com-

pany's main line. Probus and appellant' (Coons) were injured under very much the same circumstances.

C. N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 144, 181 S. W. 940. Here the employe was injured while carrying a rail, due to the fact that other members of the section crew were unable to hold their end of it, and it was held he made out a case for the jury under the federal and not the state law.

In Ohio Valley E. Ry. Co. v. Brumfield, Admr., 180 Ky. 743, 203 S. W. 541, it was held that appellee was engaged in interstate commerce where he and his crew, after picking up old ties along the right of way, were throwing them on the side of a fill for the purpose of strengthening the latter.

In Schaffer's Admx. v. I. C. R. R. Co., 172 Ky. 337, 189 S. W. 237, where decedent at the time of his injury was engaged in removing wreckage not shown to have again been put to use in interstate commerce, a peremptory instruction was held proper.

In the following cases employes were held to have been engaged in interstate commerce at the time they were injured:

Painting a bridge used for interstate traffic, L. & N. R. R. Co. v. Netherton, 175 Ky. 159, 193 S. W. 1035. A section hand going to the place designated by his foreman to assist in unloading ties, L. & N. R. R. Co. v. Williams, Admr., 175 Ky. 679, 194 S. W. 920. A carpenter engaged in making extension to repair shops, Thompson v. C. N. O. & T. P. Ry. Co., 165 Ky. 256, 176 S. W. 1006. A laborer on trestle work while returning from work on premises of carrier, L. & N. R. R. Co. v. Walker's Admr., 162 Ky. 209, 172 S. W. 517. Repairing a side track, Jones v. C. & O Ry. Co., 149 Ky. 566, 149 S. W. 951. Throwing ashes from an ash pit, C. N. O. & T. P. Ry. Co. v. Clarke, 169 Ky 662, 185 S. W. 94. Using a tricycle to look after repair and maintain electric signals, L. & N. R. R. Co. v. Mullins, Admr., 181 Ky. 148, 203 S. W. 1058. Working on a turntable, C. & O. Ry. Co. v. Kornhoff, 167 Ky. 353, 180 S. W. 523.

One of the leading cases on this subject is Pederson v. D. L. W. R. Co., 229 U. S. 146. It is argued by counsel for appellee that this decision, so often relied upon by injured employes, has been modified by the later opinions of the Supreme Court. It has frequently been cited

with approval by this court and as late as 181 Ky.
(Probus case, *supra*).

In the Pederson case an employe, killed while carry-
ing a sack of bolts or rivets to be used in repairing a
bridge which was in use in both intrastate and inter-
state commerce, was held to be employed within the
meaning of the federal act. The bolts were for use the
afternoon of the accident or next day. The United States
courts have referred to this case with great frequency,
nor do we think there is any present day disposition to
modify or limit the rule there established. If there has
been such a tendency, the trend is now the other way.
See Law v. I. C. R. R. Co., 208 Fed. 869; Eng v. Sou.
Pac. Co., 210 Fed. 92; San Pedro, L. A. & S. D. R. Co. v.
Davide, 210 Fed. 870; Pittsburgh C. C. & St. L. Ry. Co.
v. Glinn, 219 Fed. 148; Lombardo v. Boston & M. R.
R., 223 Fed. 427; Phila. B. & W. R. Co. v. McConnell, 228
Fed. 263; N. C. R. R. Co. v. Zachary, Admr. of Burgess,
232 U. S. 248; Grand Trunk Ry. Co. of Canada v. Knapp,
233 Fed. 950; Southern Ry. Co. v. McGuin, 240 Fed. 649;
Hester v. East Tenn. & W. N. C. R. Co., 254 Fed. 787;
Pecos & Northern Tex. Ry. Co. v. Rosenbloom, 240 U. S.
439; Southern Ry. Co. v. Puckett, 244 U. S. 571; Phila.
& B. & W. R. Co. v. Smith, 39 Sup. Ct. 396; Kinzell v.
C. C. M. St. P. Ry. Co., 39 Sup. Ct. 412, and N. Y. C. R.
Co. v. Porter U. S. Adv. Op., 1918-19, p. 238.

*The test is,* was the employe at the time of the injury
engaged in interstate transporation or in work so close-
ly related to it as to be practically a part of it? (Shanks
v. D. L. W. R. Co., 239 U. S. 556). At the time of his
injury, rails that had been used on appellee's Lexington
branch were being loaded by appellant for shipment to
Hazard, Ky., there to be placed in the company's yards
which were used in traffic, both intrastate and interstate.

If unloading or distributing rails for interstate pur-
poses or carrying rivets or bolts to be used on a bridge
so employed, is work such as is embraced in the federal
statute, we are of the opinion that loading rails to be
used in interstate tracks is an employment likewise
within the federal act.

*The negligence.* Whether appellant, acting under
instructions from the end man, in assisting the members
of the gang to release the rail was injured while so em-
ployed through the negligence of the other members of

the crew was a question under the federal act for the jury.

The doctrine of assumed risk has not been entirely abrogated by the Employers' Liability Act. It is only inapplicable where the injury grows out of a violation of some federal statute enacted for the safety of employes. Truesdell v. C. & O. Ry. Co., 159 Ky. 718, 169 S. W. 471.

In this latter case we said:

"As the plaintiff's claim does not grow out of a violation of such a statute, the doctrine of assumed risk applies. Under that doctrine the employee assumes those risks which are known to or are clearly observable by him. There was nothing complicated about the character of the work. The operation was simple. The brace and ties were clearly observable by plaintiff. *It is not insisted that the rail was dropped or thrown in a negligent manner.* Being dropped without negligence, the danger of being struck by it was one of the risks ordinarily and usually incident to the employment, and, therefore, one which plaintiff assumed. It follows that the trial court properly directed a verdict in favor of the defendant."

But the exception pointed out as indicated by the italicized words, is the very negligence relied upon by appellant in the instant case and hence the court erred in sustaining the motion for a peremptory instruction.

Appellant was not prejudiced by the court's refusal to permit the witness, Booker, to testify as to a statement said to have been made by appellant at the time of his injury.

Without entering into a discussion as to the competency or incompetency of this testimony we deem it sufficient to say that appellant testified in his own behalf, and his testimony is substantially the same as that shown by the avowal. The admission of the statement would not have aided or strengthened his case in any way.

For the reasons stated the judgment will be reversed for further proceedings not inconsistent with this opinion.