SMITH v. ILLINOIS CENT. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

No. 2,236.

MASTER AND SERVANT (§ 265*)—ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

A railroad company *held* not liable for the death of an engineer, who was found lying beside his engine between two tracks in the company's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

yards, with his foot practically cut off, and the only other evidence was that he was last before seen about 100 feet from his engine, walking towards it on the adjoining track, and that an engine in charge of a hostler passed on such track just as decedent was seen lying on the ground; the manner of his injury being wholly a matter of speculation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action at law by Gilman P. Smith, administrator of the estate of Claude H. Beever, deceased, against the Illinois Central Railroad Company and the Yazoo & Mississippi Valley Railroad Company. Judgment for defendants, and plaintiff brings error. Affirmed.

R. O. Johnston and Jere Horne, of Memphis, Tenn., for plaintiff in error.

Fitzhugh & Biggs and Thos. A. Evans, all of Memphis, Tenn. (Chas. N. Burch, of Memphis, Tenn., of counsel), for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff's intestate, a locomotive engineer in the employ of the Illinois Central Railroad Company, received fatal injuries in defendants' railroad yard, apparently from being struck by a locomotive engine alleged to have been negligently driven by a hostler in the employ of that company. On the trial of the suit brought therefor, verdict was directed for defendant. The assignments of error involve only the propriety of such direction.

The only human testimony throwing any light upon the circumstances of the accident is that of decedent's fireman, who saw decedent leave the office in the roundhouse, walk to the west across the cinder pit track and to and upon track No. 2 (next west of the cinder pit track), and take two or three steps on track No. 2 to the south, in the general direction of his engine, which was standing headed north on track No. 3 (which was next west of track No. 2), and about 100 feet south of where decedent was so seen on track No. 2, and where, so far as the evidence shows, he was last seen by any one before the accident. About five or six minutes later, according to the fireman's estimate (which, however, was not claimed by him to be accurate), he heard decedent "holler" and call the fireman's name. The latter, on looking down, saw decedent lying between tracks Nos. 2 and 3, "right at the steps" of his own engine. His right foot was practically cut off. The centers of tracks 2 and 3 were 16 feet apart. Just as decedent cried out, an engine going south on track No. 2, driven by a hostler, passed decedent's engine, stopping 60 or 70 feet beyond. The fireman did not see decedent struck. He heard no whistle or bell on the passing engine, but was busy with his work, and "wasn't paying any attention to a whistle or bell." His attention was called by the noise made by the engine to the fact that it was passing. No other engine was moving in that immediate vicinity at the time of the accident. The speed at

which the engine was being driven was not shown. Track No. 2 was straight, and the view to the south was unobstructed from a point 230 feet north of the place of the accident. There was no evidence that decedent's fireman saw the engine on track No. 2 until after decedent was struck.

We think verdict for defendants was properly directed. We pass by the Tennessee statutory precautions act (Shannon's Code of Tennessee, §§ 1574, 1575), which, indeed, plaintiff does not seem to rely upon, as having no application to the yard movement of the engine in question. Rogers v. Cincinnati, N. O. & T. P. R. Co. (C. C. A. 6) 136 Fed. 573, 574, 69 C. C. A. 321, and cases cited. Whether defendants' liability is to be rested upon common-law principles or upon the Employer's Liability Act, no recovery can be had unless the evidence warrants a verdict that the hostler's negligence was a proximate cause of the accident. There is no evidence of such negligence, unless it can be inferred from the fact or manner of the accident itself. That the unfortunate engineer was struck by the engine in question is a natural inference. But beyond this the meager testimony leaves the circumstances and immediate cause of the accident shrouded in mystery. Whatever the fact may have been, there was no evidence that decedent was struck by the pilot beam, or, indeed, by any part of the engine, or of any injury to decedent, except as his foot was cut off, presumably by the wheels. Whether he was overtaken when walking down the track, or whether, after walking between the tracks, he tried to cross in front of the engine and miscalculated the distance, or caught his foot, or whether he was riding on and was caught by the engine in jumping from it, or whether he slipped and fell when climbing onto his own engine, is at best a matter of conjecture. This is especially true, in view of the lack of evidence as to when the engine first appeared on track No. 2, and the fact that, had decedent been walking 3 miles per hour, it would have taken him but about 25 seconds to get to his engine from the point where he was last seen by his fireman, although, according to the latter's estimate, 5 or 6 minutes had elapsed.

The fact that decedent was struck by defendant's engine carries with it no presumption of defendant's negligence, the burden of proving which is on the plaintiff. "The negligence of a defendant cannot be inferred from a presumption of care on the part of the person killed. A presumption in the performance of duty attends the defendant as well as the person killed." Looney v. Metropolitan R. R. Co., 200 U. S. 480, 488, 26 Sup. Ct. 303, 50 L. Ed. 564. It is not enough for plaintiff to show that defendant may have been guilty of negligence. The evidence must point to the fact that it was so negligent. And where the testimony leaves the question unanswered, and shows that any one of several things may have induced the accident, for one or more of which the defendant is responsible, and for others of which he is not, it is not permissible to speculate between the several causes and to find that the negligence of defendant was the real cause, in the absence of satisfactory foundation in the testimony for

that conclusion. Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Carnegie Steel Co. v. Byers (C. C. A. 6) 149 Fed. 667, 82 C. C. A. 115, 8 L. R. A. (N. S.) 677; Moit v. Illinois Central R. R. Co. (C. C. A. 6) 153 Fed. 354, 356, 82 C. C. A. 430. While the cases just cited involve the employer's duty of furnishing safe appliances or a safe place to work, the rule which forbids resort to conjecture or speculation applies equally to the case here. We think the case as presented below falls directly within the doctrine of those cases.

Plaintiff urges that decedent was in plain view of the hostler (had he looked), all the time the latter's engine was being driven 230 feet, and that, instead of making any effort to stop his engine and prevent the accident, he ran the engine slowly and noiselessly upon the deceased, without giving him warning of the engine's approach by sounding whistle or ringing bell, and that the case is thus brought within the principle of "the last clear chance," viz., that the contributory negligence of the party injured will not defeat the action if it be shown that defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. Inland, etc., Co. v. Tolson, 139 U. S. 551, 558, 11 Sup. Ct. 653, 35 L. Ed. 270; B. & O. R. R. Co. v. Hellenthal (C. C. A. 6) 88 Fed. 116, 120, 31 C. C. A. 414. Strictly speaking, the doctrine invoked does not apply here, for we are not considering whether the deceased was contributorily negligent. But applying the principle invoked to the question of defendant's negligence, it is clear that the evidence, taken together, does not warrant the conclusion urged by plaintiff, involving, as that conclusion does, a presumption which we think not permissible (in preference to other theories equally reasonable), that decedent remained constantly on the track, and apparently unmindful of the following engine, from the time he was last seen by the fireman until he was struck.

The judgment of the Circuit Court must be affirmed.