### PITTSBURGH, C., C. & ST. L. RY. CO. v. GLINN.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1915.)

#### No. 2524.

1. COMMERCE ☞27—DEATH OF SERVANT—EMPLOYERS' LIABILITY ACT—INTERSTATE COMMERCE—SWITCHMAN.

Where decedent, a switchman, was struck and killed at night by the operation of a freight train backwards at a high rate of speed, while he was aligning switches for his switch engine to switch more cars, after a cut had been disposed of, and it was conceded that the cars handled by decedent just prior to his death carried both interstate and intrastate freight, the jury were authorized to find that he was engaged in interstate commerce at the time of his death, and therefore within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.

Employés engaged in interstate commerce, within Employers' Liability Act, see note to Baltimore & O. R. Co. v. Darr, 124 C. C. A. 571.]

2. APPEAL AND ERROR ☞744—ASSIGNMENTS OF ERROR—FILING—TIME.

Assignments of error must be filed at the time of settling the bill of exceptions, as required by Circuit Court of Appeals rule 10 (150 Fed. xxvii, 79 C. C. A. xxvii), or they may be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3043–3048; Dec. Dig. ☞744.]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John E. Sater, Judge.

Action by Annie B. Glinn, as administratrix of Hugh A. Morford, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 208 Fed. 989, 126 C. C. A. 77.

Joseph S. Graydon, of Cincinnati, Ohio, for plaintiff in error.
S. T. McPherson, of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DENISON, Circuit Judge. The defendant in error, as plaintiff below, recovered a verdict and judgment against the railway company on account of the wrongful death of the intestate, Morford, who was her son. He was a brakeman in a switching crew, working in and near yards of the railway company, close to Cincinnati. The action was brought in reliance upon the Employers' Liability Act, and the petition alleged that Morford was engaged in interstate commerce at the time he was killed. At the time in question, which was during a dark night, the switching crew had taken a cut of cars and distributed them in the yard, and had gone with only their engine outside the yard in order to re-enter upon another track to continue their switching work. It became necessary to use a cross-over switch to pass from the side track, upon which the engine was at the moment running, to the nearest main track, upon which the engine would then run in the opposite direction. Morford set the switches to permit such crossing over. After the engine had gone upon the main track and stood waiting for the last switch to be reset, so that the engine could return on that track, a train passed upon the other and adjacent main track. It was composed of freight cars, and was running backward, with a caboose in the lead, at 25 miles per hour. A few minutes later, Morford was found dead, evidently having been hit by this caboose or train.

For the purpose of this review, and giving due effect to the instructions to the jury and to the verdict rendered, it must be assumed that the railway company was negligent in running this freight train backward at such a speed and without proper lookout and warning, and that this negligence was a proximate cause of the injury. Railway v. Jones (C. C. A. 6) 192 Fed. 769, 113 C. C. A. 55, 47 L. R. A. (N. S.) 483; Myers v. Pittsburgh Co., 233 U. S. 184, 34 Sup. 559, 58 L. Ed. 906. There is no such lack of inferential basis as we found in Smith v. Railroad, 200 Fed. 553, 119 C. C. A. 33.

[1] Did the proof sufficiently tend to show that Morford was engaged in interstate commerce? At the moment, the switch engine was not hauling any cars, and so the true character of the employment can be determined only by a broader view. The evidence showed that the railway company, in and about these yards, was continuously and indiscriminately hauling intrastate and interstate freight, and that, in this part of the work, no distinction whatever was made between the two classes. Describing the work of this train crew, the yardmaster's clerk said that it handled both intrastate and interstate shipments, that it handled all classes and character of freight and all kinds of cars during its working hours, and that it did the work of transferring and putting into other trains everything that came in for transfer, making no difference or distinction. When it was sought to get the cards constituting the record which would show exactly what cars had been handled that night, counsel for the railroad said:

"We admit that when these cards come in, they will show freight of every character and description, intrastate and interstate—both kinds."

In answer to the statement by plaintiff's counsel that he wished "to show further that this character of interstate freight came in there and was handled by this train [crew] that night," counsel for the rail-

road company admitted that at some time during that night this particular decedent had handled both intrastate and interstate freight, and that other freight of both kinds was coming in and going out of those yards, and that all the tracks down there were used for the handling of both. Upon this stipulation of fact, the trial proceeded.

The circumstances here are not, in all respects, the same as those found controlling in the Pedersen Case, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, or the Seale Case, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156. They may also be distinguished, though we think not effectively, from the facts in the Zachery Case, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; because, in the latter case, it definitely appeared that the engine was about to be used, or was being prepared for use, in distinctively interstate commerce. The same difference and possible distinction exists with reference to Law v. Illinois Central (C. C. A. 6) 208 Fed. 869, 126 C. C. A. 27. However, we can draw no inference from these and other familiar decisions of the Supreme Court (including the Behrens Case, 233 U. S. 473, 477, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163), and the way in which they have interpreted the statute, save that liability is created where the service being rendered is of a general, indiscriminate character, not segregated and tied to shipments within the state (as in the Behrens Case, supra, 233 U. S. 478, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163) but applicable at least as well to the interstate commerce which the carrier is conducting. While it may not be easy in some cases to draw the line between the results of this view and a breadth of construction which would make the statute invalid under the Employers' Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, yet cases like the present are fairly within the line of validity. They hardly go beyond fixing the burden of proof and declaring that, where the facts show the case may well have been within the statute, the initial burden is satisfied, and it is for the defendant to show the contrary.

It follows that the jury in this case had a right to find, as it did, that at the time of his death Morford was employed in interstate commerce.

Morford's contributory negligence did not appear so clearly, nor, if it existed, was it of such an extreme character as to require the giving of defendant's special instructions beyond the extent to which they were embodied in the charge. The other objections to the charges, given or refused, indicate no error from which substantial prejudice should be presumed, if indeed there was error at all.

[2] The assignments of error were belated, not having been filed at the time of settling the bill of exceptions, and they might well be disregarded, under rule 10 (150 Fed. xxvii, 79 C. C. A. xxvii); but this was a new and probably unfamiliar rule at the time the bill of exceptions was settled, and we have thought proper to look into the assignments.

The judgment is affirmed, with costs.