## GRAND TRUNK RY. CO. OF CANADA v. KNAPP.

(Circuit Court of Appeals, Sixth Circuit.   June 30, 1916.)

No. 2774.

1. Commerce ⊛═27—"Interstate Commerce"—What Constitutes.

A carpenter, riding on a train which carried the equipment for repair of a bridge used by railroad company in interstate commerce, is, where the repairs were to be made by him, engaged in "interstate commerce."

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ⊛═27.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. Master and Servant ⊛═346—Injuries to Servant—Federal Employers' Liability Act.

Recovery by an injured servant under the Michigan Workmen's Compensation Act (Pub. Acts Ex. Sess. 1912, No. 10) does not depend on the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⊛═346.]

3. Commerce ⊛═8—Exclusive Power—Injuries to Servant—Workmen's Compensation Act—Federal Employers' Liability Act.

Plaintiff, a bridge carpenter, who was a member of a crew of a work train, was injured while on the way to repair a railroad bridge used both in intra and inter state commerce. The federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]) governs actions by· employés of railroad companies injured through the negligence of the master while engaged in interstate commerce. The Michigan Workmen's Compensation Act, providing for compensation to employés injured regardless of the employer's negligence, conclusively imputes knowledge of the employer's election to come under the act to the employé, and part 6, § 4, declares that the provisions of the act shall apply to employers and workmen engaged in intrastate commerce, also to those engaged in interstate or foreign commerce for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States only to the extent that their mutual connection with intrastate work may be and shall be clearly separable and distinguishable from interstate or foreign commerce, but that any such employer and any of his workmen working only in the state may, subject to the approval of the Industrial Accident Board, accept and become bound by the provisions of the act with the same force and effect as provided for other employers and workmen. The railroad company, which was engaged in both intra and inter state commerce, filed an election to come within the act, but plaintiff did not accept the act. Held, that as the injuries received by plaintiff resulted from the railroad company's negligence, and as the federal Employers' Liability Act is exclusive in so far as it applies, Congress having jurisdiction over interstate commerce, recovery by plaintiff must be based on the federal act, and not on the Michigan Workmen's Compensation Act, for as to such injuries the latter act was inapplicable.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. ⊛═8.]

4. Master and Servant ⊛═358—Injuries to Servant—Workmen's Compensation—Acceptance of Act.

In such case, the fact that the defendant railroad company paid defendant's hospital and doctor's bills during the first three weeks after the injury, as required by the Michigan Workmen's Compensation Act, does not, there having been no assent on the part of plaintiff that such pay-

ment was in compliance with the act, establish plaintiff's acceptance of the act, excluding action under the federal Employers' Liability Act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤⟲358.]

5. APPEAL AND ERROR ⬤⟲932(1)—PRESUMPTIONS—RECOVERY—DIMINUTION.

Where the master, who paid some of the hospital and medical expenses of an injured servant, made no request that the award of damages be diminished on that ground, the award will not be disturbed on appeal, for it will be presumed that it was so diminished.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3782; Dec. Dig. ⬤⟲932(1).]

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action by Albert E. Knapp against the Grand Trunk Railway Company of Canada. There was a judgment for plaintiff, and defendant brings error. Affirmed.

H. R. Martin, of Detroit, Mich., for plaintiff in error.

S. A. Anderson, of St. Paul, Minn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and EVANS, District Judge.

KNAPPEN, Circuit Judge. Defendant is a railway carrier engaged in interstate and intrastate commerce. Plaintiff was employed by defendant as a bridge carpenter; while such employé, and while as such a member of a crew in charge of a work train, on which was a pile driver, service water tank, etc., on the way to repair defendant's railway bridge used by defendant for the passage thereover of trains both in interstate and intrastate commerce, plaintiff, without negligence on his part, received serious injuries through a collision (occasioned by defendant's negligence) between defendant's freight train and the train on which plaintiff was riding. Plaintiff recovered verdict and judgment in a suit for such negligent injuries, under the federal Employers' Liability Act. Act April 22, 1908, c. 149, 35 Stat. 65, amended April 5, 1910 (36 Stat. 291, c. 143 [Comp. St. 1913, §§ 8657-8665]).

But two questions are presented: First, whether plaintiff was at the time of the accident employed in interstate commerce; and, second, whether the federal Employers' Liability Act supersedes, as to plaintiff's right of action, the Michigan Workmen's Compensation Act (Act No. 10, P. A. Mich. Ex. Sess. 1912).

[1] We have no doubt that plaintiff was at the time of the accident employed in interstate commerce, within the meaning of the federal Employers' Liability Act. The case is ruled by Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, unless distinguished by the fact that plaintiff in the instant case was riding upon a train which carried also the equipment for the repair, while in the Pedersen Case the employé was walking and carrying his own repair equipment. We cannot think this difference important. The case is not brought within Ill. Central R. R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann.

Cas. 1914C, 163. See, also, N. Y. Central R. R. Co. v. Carr, 238 U. S. 260, 35 Sup. Ct. 780, 59 L. Ed. 1298, and P., C., C. & St. L. R. Co. v. Glinn (C. C. A. 6) 219 Fed. 148, 135 C. C. A. 46.

[2, 3] The Michigan act, with certain exceptions hereafter stated so far as important, applies to all persons, firms and corporations (including public service corporations) who elect to become subject to its provisions, such election to be effected by filing with the Industrial Accident Board a written statement of the acceptance of the act and the adoption of one of several methods provided for the payment of compensation. By failing to come under the act the employer is deprived of the defenses of contributory negligence, unless willful, negligence of fellow 'servants and assumption of the risk. Knowledge of the employer's election to come under the act is conclusively imputed to the employé, and the latter is conclusively presumed to have consented to come under the act unless he gives written notice to the contrary. Compensation Act, pt. 1, § 8, and pt. 3, § 4; Mackin v. Detroit-Timkin Axle Co. (Mich.) 153 N. W. 49.

Recovery does not depend upon, and is not affected by, the employer's negligence. Andrejwski v. Wolverine Coal Co., 182 Mich. 298, 302, 148 N. W. 684. The statute is based on the theory that personal injury losses in industrial pursuits are properly chargeable to the business as a part of the cost of production. Compensation for injuries causing death takes the form of a payment of one-half the employé's weekly wages for a certain number of weeks, subject to a maximum and minimum, as respects both wages and aggregate recovery. Compensation for injuries not resulting in death is on the same general basis as for fatal injuries, the period for which compensation is paid being made to depend upon the nature and extent of the injury. The procedure to recover is by filing claim with the Industrial Accident Board and arbitration in case of disagreement between employer and employé, with a right of review by the Accident Board of the arbitrator's findings, the action of the Board being final except that the Supreme Court may review questions of law involved. Final judgment in a court of record may be entered, as of course, upon a final award.

By section 4, part 6, of the act, its provisions are made to apply to employers and workmen engaged in intrastate commerce, but not to those engaged in interstate commerce, "for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States," except to the extent that "their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce." There is also provision for express and voluntary acceptance of the act by "any such employer and any of his workmen working only in this state," if done with the approval of the Industrial Accident Board. The section is printed in full in the margin.[1]

[1] "Sec. 4. The provisions of this act shall apply to employers and workmen engaged in intrastate commerce, and also to those engaged in interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United

The defendant, previous to the accident, filed its election to come under the act. The plaintiff has never accepted it, unless his acceptance is conclusively presumed by his failure, previous to the accident, to give written notice of his nonassent.

Defendant being an interstate carrier by railroad and plaintiff having been employed in interstate commerce when his injuries occurred, the federal Employers' Liability Act unquestionably prescribes a remedy. The jurisdiction of Congress over interstate commerce, and thus over remedies against employers therein for injuries sustained by employés while engaged in such commerce, is paramount; and so far as Congress has occupied the field of such liability, its jurisdiction is exclusive. Second Employers' Liability Cases, 233 U. S. 1, 55, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Mich. Cent. R. R. Co. v. Vreeland, 227 U. S. 59, 66, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Seaboard Air Line R. R. Co. v. Horton, 233 U. S. 492, 501, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. As expressed by Mr. Justice Lurton in the Vreeland Case:

"By this act Congress has undertaken to cover the subject of the liability of railroad companies to their employés while engaged in interstate commerce. This exertion of a power which is granted in express terms must supersede all legislation over the same subject by the states. * * * It therefore follows that in respect of state legislation prescribing the liability of such carriers for injuries to their employés while engaged in interstate commerce this act is paramount and exclusive."

The defense that the employé was at the time of his injuries engaged in interstate transportation has been sustained as defeating recovery under state laws. Pecos, etc., Ry. Co. v. Rosenbloom, 240 U. S. 439, 36 Sup. Ct. 390, 60 L. Ed. 730; C., B. & Q. Ry. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941.

The general doctrine that the paramount jurisdiction of Congress when actually exercised, is exclusive, has been applied to a variety of subjects, including, among others, contracts between carrier and shipper in interstate commerce, Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; hours of service of employés in such commerce, No. Pacific R. R. Co. v. Washington, 222 U. S. 370, 32 Sup. Ct. 160, 56 L. Ed. 237; Erie R. R. Co. v. New York, 233 U. S. 671, 34 Sup. Ct. 756, 58 L. Ed. 1149, 52 L. R. A. (N. S.) 266, Ann. Cas. 1915D, 138; safety appliances on cars engaged in interstate commerce, Southern Ry. Co. v. R. R. Commission of Indiana, 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 661; Texas & Pacific R. R. Co. v. Rigsby, 241 U. S. 33, 41, 36 Sup. Ct. 482, 60 L. Ed. 874; Spokane & Inland Empire R. R. Co. v.

States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, except that any such employer and any of his workmen working only in this state, may, subject to the approval of the industrial accident board, and so far as not forbidden by any act of Congress, voluntarily accept and become bound by the provisions of this act in like manner and with the same force and effect in all respects as is hereinbefore provided for other employers and their workmen."

Campbell, 241 U. S. 497, 36 Sup. Ct. 683, 60 L. Ed. 1125 (decided by the Supreme Court June 12, 1916), where, in an action upon the federal Employers' Liability Act and the federal Safety Appliance Act (Act March 2, 1893, c. 196, 27 Stat. 531 [Comp. St. 1913, § 8605]), it was said that the "employé's right to recover against his employer depends upon acts of Congress, to which all state legislation affecting the subject-matter must yield." There can be no doubt that the federal Employers' Liability Act provides exclusive remedy for at least negligent injuries to employés of interstate railroad carriers while actually engaged in interstate commerce.

It is urged, however, that Congress has not entered the field of liability for *nonnegligent injuries* to employés in interstate commerce. It was said in the Horton Case (233 U. S. 501, 502, 34 Sup Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475) that by the Employers' Liability Act "it was the intention of Congress to base the action upon negligence only, and to exclude responsibility of the carrier to its employés for defects and insufficiencies not attributable to negligence" (see, also, Gray v. Southern Ry. Co., 241 U. S. 333, 36 Sup. Ct. 558, 60 L. Ed. 1030, decided May 22, 1916), and it is here urged that as under the Michigan Workmen's Compensation Act recovery does not depend upon, and is not affected by, the employer's negligence, that act, and the federal Employers' Liability Act are not in pari materia, and therefore the state act is not superseded by the federal act. It is of course true that, when the federal and state governments have jurisdiction in the same field, the state may legislate upon subjects within that field until Congress shall occupy it (Reid v. Colorado, 187 U. S. 137, 23 Sup. Ct. 92, 47 L. Ed. 108; Asbell v. Kansas, 209 U. S. 251, 28 Sup. Ct. 485, 52 L. Ed. 778, 14 Ann. Cas. 1101; Savage v. Jones, 225 U. S. 501, 32 Sup. Ct. 715, 56 L. Ed. 1182); and had plaintiff proceeded under the state statute, the question whether that statute was altogether superseded by the federal act might become material. The decisions involving that question are not entirely harmonious. In Staley v. Ill. Central R. R. Co., 268 Ill. 356, 109 N. E. 342, L. R. A. 1916A, 450, it was held, upon elaborate discussion, that the field covered by the federal Employers' Liability Act is the employer's liability to employés for injuries received by them while engaged in interstate transportation by rail, and that the federal act thus excludes all other liability for such injuries (even though nonnegligent) imposed by either the common law or by statutes such as the Workmen's Compensation Act of Illinois, which belongs to the same general class as the Michigan act. So in Smith v. Industrial Accident Commission, 26 Cal. App. 560, 147 Pac. 600, the state commission was held without jurisdiction to award compensation to an employé engaged in work directly related to interstate commerce.

On the other hand, Hammill v. Penn. R. R. Co., 87 N. J. Law, 388, 94 Atl. 313, Rounsaville v. Central R. R. Co., 87 N. J. Law, 371, 94 Atl. 392, and Winfield v. N. Y. C., etc., R. R. Co., 216 N. Y. 284, 110 N. E. 614, Ann. Cas. 1916A, 817 (followed in Moore v. Lehigh Valley R. R. Co., 169 App. Div. 177, 154 N. Y. Supp. 620), hold that under the Workmen's Compensation Acts of the states referred to,

recovery not being based upon negligence, such acts were not superseded by the federal Employers' Liability Act with respect to actions for nonnegligent injuries. In none of these cases, however, was it held, or even suggested, that the state act was not excluded by the federal act with respect to actions for negligent injuries. On the contrary, it was expressly said in the Winfield Case that the portion of the state act "which affects accidental injuries caused by negligence resulting to those engaged in interstate commerce, which are within the federal Employers' Liability Act, is as ineffective and inoperative as if it had not been enacted." In the instant case we are not called upon to decide whether the state act would apply had plaintiff's injury occurred without defendant's negligence.

In the instant case recovery was and could have been had only for negligent injuries. Defendant contends that because the bridge plaintiff was on his way to help repair was used in both interstate and intrastate commerce plaintiff was, at the most, engaged in interstate commerce not "clearly separable and distinguishable from intrastate * * * commerce," and his employment was thus within the jurisdiction declared by section 4, pt. 6, of the state act, and not within the field covered by the federal act. This contention may be briefly answered:

We think it clear not only that by the section invoked the Legislature declared that "it did not intend to enter any field from which it had been or should be excluded by the action of the Congress of the United States" (Jensen v. Southern Pacific R. R. Co., 215 N. Y. at page 522, 109 N. E. 600, L. R. A. 1916A, 403); but that plaintiff's employment was directly within the federal act, as authoritatively determined in the Pedersen Case. This case thus does not belong to the class illustrated by cases such as D., L. & W. R. R. Co. v. Yurkonis, 238 U. S. 439, 35 Sup. Ct. 902, 59 L. Ed. 1397, and Shanks v. D., L. & W. R. R. Co., 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, and C., B. & Q. R. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941, where the service in question, although affecting interstate transportation, was held to be too remote from it to be practically a part of it.

[4] There has been no express agreement between plaintiff and defendant, approved by the Industrial Accident Board, whereby plaintiff voluntarily accepted and became bound by the provisions of the state act.

We therefore have no difficulty in holding that the Michigan act does not give (and was not intended to give) an action for the negligent injuries sustained by plaintiff in the instant case; for the mere fact that defendant paid plaintiff's hospital and doctor's bills during the first three weeks after the injury (as required in all cases by section 4, pt. 2, of the state act) could not in any event constitute an election by plaintiff after the injury to accept the act; the record is express that "there was no assent on the part of plaintiff that such payment was in compliance with such act"; and as the act did not apply to plaintiff's case, the provision for automatic acceptance falls to the ground.

[5] Whether defendant was entitled to have the payment of hospital and medical bills taken into account in the assessment of damages is unimportant, for no request to that effect was made, and presumably the recovery was less than it would have been but for such payment.

Whether the Michigan act constitutes a contract to enable the carrier "to exempt itself from any liability created" by the federal Employers' Liability Act, condemned by section 5 thereof, is not here presented, for no question of cumulative remedy or of set-off is involved.

The judgment of the District Court is accordingly affirmed, with costs.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 9, 1916.