SOUTHERN PAC. CO. v. STEPHENS.
(No. 809.)

(Court of Civil Appeals of. Texas.　El Paso.
March 1, 1918.　Rehearing Denied
March 21, 1918.)

1. APPEAL AND ERROR ⟨⟩1050(1)—REVIEW—HARMLESS ERROR.

The admission of opinion evidence on behalf of plaintiff was harmless, where later witnesses without objection similarly testified.

2. APPEAL AND ERROR ⟨⟩690(6) — OPINION EVIDENCE—KNOWLEDGE OF WITNESS.

A bill of exceptions which did not affirmatively show that a witness giving opinion evidence was examined as to whether he was sufficiently informed upon the matters to express

an opinion is insufficient to show error in the admission of that testimony, for the trial judge might have satisfied himself that the witness was qualified.

3. TRIAL ⟨⟩89—OPINION EVIDENCE—EXCLUSION.

Where a witness by his own admissions on the stand shows that he is not informed as to a matter concerning which he gave opinion testimony, such testimony should be stricken.

4. COMMERCE ⟨⟩27(2) — INTERSTATE COMMERCE—WHAT CONSTITUTES.

A railroad company in breaking up interstate trains at a junction point within the state to facilitate delivery of shipments to other points within the state is engaged in interstate commerce, notwithstanding the interstate cars were to be delivered within the state, or at the terminal where the trains were broken up.

5. COMMERCE ⟨⟩27(5)—INTERSTATE COMMERCE—ACTIONS—EVIDENCE.

In an action by railroad employé who suffered injuries in California, evidence held to show that at the time he received his injuries he was engaged in interstate commerce, and so his cause of action fell within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]), instead of the California Workmen's Compensation Insurance and Safety Act (St. 1913, p. 279).

6. MASTER AND SERVANT ⟨⟩265(1) — INTERSTATE COMMERCE — ACTIONS — BURDEN OF PROOF.

Where a railroad employé who received injuries while engaged in switching gave notice to the company to furnish the record showing the nature of the service in which the cars being switched at the time of the accident were engaged, the company has the burden, the employé having made out a prima facie case of injuries occurring while he was engaged in interstate commerce service, of showing that the injuries did not so occur.

7. TRIAL ⟨⟩266—INSTRUCTIONS—PROPRIETY.

Where the question of assumed risk was submitted by a special charge, the fact that a paragraph of the general charge required the jury to find for plaintiff, unless they should find for defendant upon some other paragraph of that charge, does not necessitate a reversal, although it is preferable practice to incorporate such special charges within the general one.

Appeal from District Court, El Paso County; W. B. Ware, Special Judge.

Action by James S. Stephens against the Southern Pacific Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. I. Gilbert, of Los Angeles, Cal., and Beall, Kemp & Nagle, of El Paso, for appellant. P. E. Gardner, Geo. E. Wallace, and W. S. Berkshire, all of El Paso, for appellee.

HARPER, C. J. This suit was instituted by James S. Stephens against the Southern Pacific Company for damages for personal injuries. For cause of action he alleged:

"That while assisting in switching a string of cars then being made up into trains he was upon top of certain cars riding them to their destination, when without notice or warning the defendant's employés negligently kicked another string of cars down the same track at an excessive and dangerous rate of speed, which struck the cars upon which plaintiff was riding with such force and violence as to cause him to fall to the ground and injured him; second, that

defendant failed to maintain on such cut of cars a switchman or rider to control their movements; and third, if a switchman or rider was in fact on said cut of cars, he was guilty of negligence in not controlling their movement by use of the brake."

Defendant answered that the court was without jurisdiction, because if plaintiff was injured as alleged by him, he was in the employment of defendant company in the state of California and not in Texas, and while engaged in intrastate commerce, therefore, his rights are controlled by the laws of California, or laws of the United States, and that at that time there was in force in California the Workmen's Compensation Insurance and Safety Act (St. 1913, p. 279), under which act the Industrial Accident Commission has exclusive jurisdiction, and pleaded the various sections of the act. Plaintiff replied that the act was not applicable because he was engaged in interstate commerce, in that the cars he was engaged in switching were being moved in interstate commerce; therefore the liability is governed by the federal Employers' Liability Act. Submitted to a jury, and verdict and judgment rendered for $6,000, from which this appeal.

By assignments 1 to 6, inclusive, and by its twelfth, it is urged that the trial court should have given a peremptory instruction for the defendant. The propositions are in various forms, but in substance they assert that the uncontroverted evidence shows that the accident occurred in California while the plaintiff was engaged in the service of the defendant as a switchman, and that at the time of the accident the cars upon which he was riding were being switched in intrastate commerce; therefore the Industrial Accident Board of said state had exclusive jurisdiction.

[1] The evidence as to this point is largely, if not wholly, circumstantial, and since by a number of assignments appellant charges reversible error in admitting testimony, in the interest of time and space, we will discuss them together. The thirteenth to eighteenth assignments charge that it was error to permit plaintiff to testify over defendant's objections that the "bull ring" where the accident occurred in the yards of Los Angeles was used in interstate commerce, in that it was used to break up trains coming in from other states; in admitting evidence that there was a car of Ford automobiles in the string of cars being broken up and in the "bull ring"; in admitting evidence that there was a car of granite in the train, and that California did not produce any such granite; that a car of machinery was in the string, and that California had no factory for such machinery; that there was a car of coal in the string, and that California had no coal mines, etc., because such testimony was irrelevant, immaterial, speculative; that it was a conclusion of the witness which he was not shown qualified to give, and that such matters did not tend to prove that plaintiff was injured while engaged in interstate commerce, etc.

As to the testimony concerning the use to which the "bull ring" was devoted, the defendant's witness, Williams, engine foreman at the time of the accident, testified that it was used for switching trains that come in from New Mexico and Arizona. Jones, terminal trainmaster of defendant, testified that the "bull ring" was used to break up through trains coming from El Paso, and that all freight shipped out of California from that point go through the "bull ring," and the latter two witnesses testified without objection. So, if it be true, that the witness simply expressed an opinion which he was not qualified to express, the same fact appears in the record, and is not controverted. Norton v. Lea, 170 S. W. 267.

[2-5] As to the other matters enumerated, we think there was no error because the bill of exceptions does not show that the witness was examined as to whether he was sufficiently informed upon the matters to enable him to express an opinion, and it may be that the trial court satisfied himself that he was. Hanover Fire Ins. Co. v. Huff, 175 S. W. 465. If the witness by his own admissions on the stand shows that he knows nothing about the matter about which he testifies, it is proper to exclude his testimony upon objections. G., H. & S. A. Ry. Co. v. Worth, 53 Tex. Civ. App. 351, 116 S. W. 365. But we do not think the record affirmatively discloses the latter to be the case in this instance. Besides, the specific reasons for the objections are more properly addressed to the weight to be given to the testimony than to its admissibility. In this connection we will dispose of the seventh, eighth, and ninth assignments, which urge that the court erred in charging the jury that:

"When cars are transported by a railway company from one state into another, and until such time as said cars are delivered to the consignee, such cars are in course of transportation in what is known as interstate commerce, as that term is used in this charge; and where an employé of a railway company is engaged in assisting in moving or switching a string of cars, and there are one or more cars composing said string then being moved or switched which have been hauled into the state from a point outside of the state, and such cars have not been delivered to the consignee, then such employé while thus engaged in moving or switching such string of cars is in interstate commerce, as that term is used in this charge."

For if the witness' testimony was admissible, it was because it was concerning matters of fact constituting circumstances which tended to prove that the train which was being broken up by this man, as a switchman, was composed of cars then being used, or being prepared for use, in transporting articles of merchandise into or out of the state of California, or for delivery to consignees.

The propositions under these assignments are to the effect that they are based upon an erroneous definition of interstate commerce, in that they charge that:

"If a train of cars being switched contains one or more, which have been hauled into the state from points outside of the state, and such had not been delivered to the consignee, then such employé while thus engaged in switching is engaged in interstate commerce," no matter how long such car or cars had been in the yards.

The facts are sufficient, we think, to bring plaintiff's case within the holding in Railway Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1134, Ann. Cas. 1914C, 156. That whilst the defendant company's road at Los Angeles was engaged in handling both interstate and intrastate commerce, that in this particular part of the yards known as the "bull ring" both classes of freight were handled, but in so handling it—

"it was necessary that trains be broken up and the cars taken to appropriate tracks for making up outgoing trains as well as distributing cars containing interstate freight to its local destination, and that the interstate transportation was not ended merely because that yard was the terminal for that train, nor even because the cars were not going to points beyond."

There is no evidence, it is true, as to the time any of the cars being switched had been in the yards, nor is there direct testimony as to how many cars bearing interstate commerce were in the train being broken up, but all the facts and circumstances in evidence, considered as a whole, are sufficient to justify the charges complained of and to support the verdict.

[6] The defendant was given notice to furnish the record showing the nature of the service in which the cars being switched, at the time of the accident, were engaged, and it failed to do so. It had the facts within its possession which would establish that none of the cars were used for interstate business, and that all were in intrastate service. So, plaintiff having made a prima facie case, it then devolved upon defendant to produce its evidence to the contrary, if it had any, which it has not done. Railway v. Glinn, 219 Fed. 148, 135 C. C. A. 46; Pullman Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 625. "The true test always is: Is the work in question a part of the interstate commerce in which the carrier is engaged." Railway Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1052, Ann. Cas. 1914C, 163. In this case we think the evidence justified the charge given, and sufficient to sustain the verdict of the jury.

[7] The 10–11th assignments assail the eighth paragraph of the court's general charge upon several grounds, all of which are passed on by observations above, except that it is urged that it excluded from the consideration of the jury the question of assumed risk submitted by a special charge, because it required the jury to find for plaintiff, unless they found for defendant under some other paragraph of this charge. It is not likely that the jury were, by this language, caused to overlook the special charge given, for, we take it, it was read to them at the same time the general charge was read, and they must have understood that it was in fact a part of the general charge. The better practice is to mark such special charges "given and made a part of the general charge." But we do not find any such error as to call for a reversal of the case because of the matter complained of.

The nineteenth and twentieth urge that there is no evidence to support the judgment, that it is against the weight, etc., of the evidence, and that the verdict is excessive.

Without further comment upon the evidence, we think it sufficient to support both the liability and the amount of the verdict and judgment. The assignments are overruled, and cause affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes