## PRYOTELY v. NEW YORK, C. & ST. L. R. CO.

Circuit Court of Appeals, Sixth Circuit. November 7, 1928.

No. 5021.

Lewis D. Houck, of Cleveland, Ohio (Payer, Minshall, Karch & Kerr, of Cleveland, Ohio, on the brief), for plaintiff in error. W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The New York, Chicago & St. Louis Railroad Company maintained a large ash pit in its yards at Conneaut, Ohio. It also kept water in the pit, into which ashes and cinders from engines were dumped. On the morning of July 26, 1926, Joseph Kirzman's body was found in the pit by the man whose duty it was to take out the ashes and cinders. The administrator of Kirzman brought this suit to recover damages from the railroad company, and, at the conclusion of the plaintiff's evidence, the court directed a verdict for the defendant.

Kirzman was last seen alive about 7 o'clock on the morning of July 26th on Commerce street. A path led from that street into defendant's yards, and passed between a sandhouse and the ash pit, which were about 20 feet apart. There were also railroad tracks in this space. In another part of the yards, but at a point where it could be reached by following this path, defendant maintained an office where it employed workmen. This office could also be reached by other routes. Two days prior to the date in question Kirzman had gone to this office, and, with others, had been told by an employee of the company that no workmen were needed, and to "come some other time." There is evidence to show that it was the purpose of Kirzman, on the morning of the 26th, to go again to the office to seek employment. No one saw him enter the yards of defendant, and no one knows how he approached the pit or got into it. The west half of the pit was cleaned every day, and every other day the full length of it was cleaned. The ashes and cinders, when placed in the pit sank to the bottom. On the morning in question there was a "little scum" on the surface of the water.

We assume, without deciding, that the duty of the railroad company to decedent was such as it owed to one who came upon its premises at its invitation in the usual way to seek employment. The evidence does not show whether there were cars between the pit and the sandhouse on the morning of July 26th; it does show that there was a path between the two. So, if Kirzman occupied the position of one invited to the employment office, with a right to use the path for that purpose, still he was not invited to leave the path and wander away into a place of danger. United Zinc Co. v. Britt, 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28. He could not have fallen into the pit from the path. It was broad daylight, and the position of the pit was such that, if he had exercised reasonable care, he could not have failed to

observe it. One of his shirt sleeves was rolled up. There were slight abrasions and scratches on his face, and some marks on his ankles. No facts were offered in evidence to support an inference that he did not see the pool, and therefore fell into it, as against quite as logical an inference that he did see it and got into it through his own fault or in some way for which defendant was not responsible. Patton v. Railway Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; Smith v. Railroad Co. (6 C. C. A.) 200 F. 553. It is not important, therefore, that the court did not permit proof of other injuries at the same place, for, even if such evidence were admissible, a question which we do not decide, that kind of evidence would not have supplied facts to support an inference of defendant's negligence proximately causing the injury as against quite as reasonable inference as to other causes.

The judgment is affirmed.